IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:17-00195

WINDEL LESTER
JAMES EDWARD LESTER
GEORGETTA KENNEY
GREGORY A. LESTER
JAMES KEITH BROWNING

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, Gregory A. Lester, requesting this court continue the trial date and related matters.  See ECF No. 85.  For good cause shown, the court **GRANTS** defendant's motion.

Counsel for Gregory Lester requests additional time to review the "voluminous" discovery produced by the government, which counsel believes has not been fully produced.  Moreover, defendant's counsel states that the superseding indictment introduced increased complexity into the matter through the indictment of an additional defendant, James Keith Browning.  The government does not object to a continuance.[1]

---

[1] While the motion does not state the government's position regarding defendant's request for a continuance, the court spoke with counsel for the government, who indicated he did not object to the proposed continuance.

The court believes that failure to grant the requested continuance would likely prejudice defense counsel's ability to effectively represent Gregory Lester. This same prejudice would also likely affect the representation by counsel for the additional defendants. Because failure to grant the requested continuance would likely result in a miscarriage of justice, the court finds that the ends of justice outweigh the best interest of the defendants and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(A). In deciding to grant defendant's motion, the court considered the factors outlined in 18 U.S.C. § 3161(h)(7)(B) and finds that denying the motion "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

Deeming it proper to do so, the court **GRANTS** defendant's motion to continue.[2]

Accordingly, the court **ORDERS** as follows:

I. Trial of this action is continued until **Tuesday, March 27, 2018, at 9:30 a.m.**, in Bluefield;

II. Pre-trial motions are to be filed on or before **Tuesday, March 6, 2018**;

III. A pretrial motions hearing is scheduled for **Tuesday, March 13, 2018, at 10:00 a.m.,** in Bluefield;

---

[2] While defendant's motion does not indicate how much additional time he needed, the court contacted defendant's counsel who indicated that a 60-day continuance would be appropriate. The government does not object to a 60-day continuance.

    IV.    Pursuant to 18 U.S.C. § 3161(h)(7)(A), the time from the filing of defendant's motion until the trial is excludable for purposes of the Speedy Trial Act.[3]

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Office of this court.

It is **SO ORDERED** this 3rd day of January, 2018.

ENTER:

_David A. Faber_
David A. Faber
Senior United States District Judge

---

[3] The court notes that, for purposes of determining compliance with the Speedy Trial Act, "in cases involving multiple defendants only one speedy trial clock, beginning on the date of the commencement of the speedy trial clock of the most recently added defendant, need be calculated under 18 U.S.C. § 3161(h)(7)." United States v. Piteo, 726 F.2d 50, 52 (2d Cir. 1983); see also United States v. Walker, Nos. 95-5914, 96-4247, 96-4110, 1997 WL 358770, *3 (4th Cir. June 30, 1997) (quoting Piteo).