```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 1:17-00195

WINDEL LESTER
JAMES EDWARD LESTER
GEORGETTA KENNEY
GREGORY A. LESTER
JAMES KEITH BROWNING

### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Windel Lester's motion to continue the trial date and all related pretrial deadlines for a period of thirty (30) days.  See ECF No. 149.  Counsel for Lester requests additional time to review discovery which, according to him, is voluminous.  Lester has recently hired a forensic economist to assist in this review.  Moreover, Lester's attorney indicates that the second superseding indictment includes new counts and expands on previously alleged criminal transactions, also requiring additional time to investigate.  The government has informed the court that it does not oppose a thirty-day continuance.

Because failure to grant the requested continuance would likely result in a miscarriage of justice, the court finds that the ends of justice outweigh the best interest of the defendants and the public in a speedy trial, see 18 U.S.C. § 3161(h)(7)(A), and **GRANTS** defendant's motion to continue.  In deciding to grant the motion, the court considered the factors outlined in 18 U.S.C. §3161(h)(7)(B) and found that failure to grant a continuance would deny counsel the reasonable time necessary for

effective preparation, taking into account the exercise of due diligence.

Accordingly, the court **ORDERS** as follows:

I.    Trial of this action is continued until **Tuesday, May 8, 2018, at 9:30 a.m.**, in Bluefield;

II.   Pretrial motions are to be filed on or before **April 10, 2018**;

III.  A pretrial motions hearing is scheduled for **Wednesday, April 18, 2018, at 1:30 p.m.,** in Bluefield;

IV.   Pursuant to 18 U.S.C. § 3161(h)(7)(A), the time from the filing of defendant's motion until the trial is excludable for purposes of the Speedy Trial Act.[1]

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Office of this court.

It is **SO ORDERED** this 5th day of March, 2018.

ENTER:

David A. Faber
Senior United States District Judge

---

[1] The court notes that, for purposes of determining compliance with the Speedy Trial Act, "in cases involving multiple defendants only one speedy trial clock, beginning on the date of the commencement of the speedy trial clock of the most recently added defendant, need be calculated under 18 U.S.C. § 3161(h)(7)." United States v. Piteo, 726 F.2d 50, 52 (2d Cir. 1983); see also United States v. Walker, Nos. 95-5914, 96-4247, 96-4110, 1997 WL 358770, *3 (4th Cir. June 30, 1997) (quoting Piteo).