```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT BLUEFIELD
```

**UNITED STATES OF AMERICA**

v.                                   CRIMINAL NO. 1:17-00195

**WINDEL LESTER**
**JAMES EDWARD LESTER**
**GEORGETTA KENNEY**
**GREG A. LESTER**
**JAMES KEITH BROWNING**

<u>ORDER</u>

Before the court is Windel Lester's Petition for Issuance of Writ of Habeas Corpus Ad Testificandum to secure the presence of inmate, Steffan Howell, at trial.  ECF No. 255.

## I.  APPLICABLE LAW

A federal court may, in its discretion, issue a writ of habeas corpus ad testificandum ("writ") to secure the appearance of a prisoner as a witness at trial.  <u>See</u> 28 U.S.C. § 2241(c)(5).  In the context of a criminal trial, the Fourth Circuit Court of Appeals has only considered when a petition for a writ is timely.  <u>See</u> <u>United States v. Jackson</u>, 757 F.2d 1486, 1492 (4th Cir. 1985).  Nevertheless, other circuits have unanimously held that the defendant also bears the burden of demonstrating the relevancy and necessity of the inmate's expected testimony.  <u>See</u> <u>Peppard v. United States</u>, 314 F.2d 623, 625 (8th Cir. 1963) (affirming denial of writ when petition

included naked assertion that inmate's testimony was "vital and important," without stating the testimony "expected by the defendant" if subpoenaed); United States v. Rinchack, 820 F.2d 1557, 1568 (11th Cir. 1987) ("the law is crystal clear that the burden of showing necessity and relevance is on the defendant"); United States v. Smith, 924 F.2d 889, 896 (9th Cir. 1991) ("unsupported and conclusory claims are not sufficient"). In exercising its discretion, the court must balance a plethora of considerations including:

> whether the prisoner's presence will substantially further the resolution of the case, what security risks are presented by permitting the prisoner to come to court to testify, what the expense of the prisoner's transportation and upkeep will be, and other factors bearing on the need for the prisoner's testimony vis-a-vis the difficulties attendant to securing it.

Rinchack, 820 F.2d at 1568 (collecting cases); see also The Choice is Yours, Inc. v. Williams, No. 2:14-CV-01804, 2018 WL 661528, at *1 (E.D. Pa. Jan. 31, 2018) (stating additional considerations).

## II.  DISCUSSION

While the petition is timely, it fails to meet defendant's burden of demonstrating relevancy and necessity. In full, defense counsel asserts:

> [Steffan Howell] is an important witness for the defense in this case. [Howell] has direct knowledge about the credibility and veracity of a key government

> witness[1] that claims that defendants made a confession
> regarding their alleged conspiracy.  Having [Howell]
> at trial is essential to ensure Defendant Windel
> Lester's constitutional rights are protected.

ECF No. 255 at p.1.  Without more information, Howell's testimony may span the gambit from triple hearsay to informant incentivization to alleging false testimony.  Absent any indication of the specific testimony that defense counsel expects Howell to offer, the court is unable to ascertain the relevancy and necessity of Howell's testimony.  See <u>United States v. Murphy</u>, 460 F. App'x 122, 125 (3d Cir. 2012) (affirming denial of writ when defendant's petition included only a "conclusory allegation unsupported by any factual proffer does not satisfy [defendant's] burden of proof.").  Accordingly, the defendant has failed to meet his burden, and the court denies the petition.

### III. CONLUSION

Defendant's petition is **DENIED** without prejudice. Nevertheless, if the defendant can articulate the relevancy and necessity of Howell's testimony, counsel may make another request of the court.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

---

[1] While the court believes this witness is Laron Safford, the petition does not explicitly say so.

**IT IS SO ORDERED** this 1st day of August 2018.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge