IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.                        CRIMINAL ACTION NO. 1:17-00195-002

JAMES E. LESTER

**MEMORANDUM OPINION AND ORDER**

Pending before the court are defendant's motions for compassionate release. (ECF Nos. 473, 477, 494.) Defendant requests compassionate release in light of the COVID-19 pandemic. For the following reasons, the court **DENIES** defendant's motions for compassionate release.

**I.  Background**

Defendant is 50 years old. He suffers from diabetes, high blood pressure, high cholesterol, obesity, and sleep apnea. (See ECF Nos. 477, 494, and 494-1.)

On August 23, 2018, defendant was convicted of twenty-three felony counts for the following criminal violations: mail and wire fraud conspiracy, arson conspiracy, money laundering conspiracy, wire fraud, mail fraud, arson to commit wire fraud, unlawful monetary transactions, and structuring transactions. (See ECF No. 316.) On April 9, 2019, this court sentenced defendant to 17 years of incarceration. (ECF No. 429.) Per the BOP Inmate Locator, defendant's release date is July 23, 2032. As of June 2020, defendant has served only 16.4% of that sentence. (ECF No. 494-1.)

Defendant is currently incarcerated at FCI Ashland in Ashland, Kentucky. As of July 26, 2020, the Bureau of Prisons ("BOP") website lists FCI Ashland as having no current COVID-19 cases, and having had one past COVID-19 case by a staff member. See *COVID-19 Cases*, Federal Bureau of Prisons (updated July 26, 2020), https://www.bop.gov/coronavirus/.

On April 3, 2020, defendant petitioned the Warden at FCI Ashland for compassionate release due to COVID-19. (ECF No. 494-1.) The Warden denied defendant's request on April 30, 2020. (Id.) Defendant appealed the Warden's denial through a request for administrative remedy on June 10, 2020, and his appeal was denied by the Warden on June 19, 2020. (Id.)

**II. Analysis**

The First Step Act empowers criminal defendants to request that courts grant them compassionate release pursuant to 18 U.S.C § 3582(c). But before they make such requests to the court, defendants must first ask the BOP via the administrative process and give the BOP thirty days to respond. See id. § 3582(c)(1)(A). Upon such a motion from the BOP or from a defendant (after either the BOP denies the request or thirty days has elapsed since the request was filed), a court "may reduce the term of imprisonment." Id. § 3582(c)(1)(A)(i). Here, the BOP denied defendant's request and defendant has exhausted his administrative remedies. This court will now consider whether

2

defendant has demonstrated that he meets the factors meriting compassionate release.

Congress has restricted the power of courts to modify a term of imprisonment once it has been imposed except when "extraordinary and compelling reasons warrant such a reduction" and when "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Thus, to warrant compassionate release, defendant must show that: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) he is not a danger to the safety of others or the community; and (3) the reduction satisfies the sentencing factors in 18 U.S.C. § 3553(a). See id.; see also USSG §§1B1.13(1)(A),(2). All three factors must be present.

### A. Extraordinary and Compelling Reasons

Other district courts, in considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility. United States v. Brady, 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (citing and gathering cases). Thus, compassionate release motions amid the COVID-19 pandemic require a "fact-intensive" inquiry. See United States v. Shakur, 2020 WL 1911224, at *1 (S.D.N.Y. Apr. 20, 2020).

3

According to the CDC, persons with Type II diabetes and obesity have an "increased risk of severe illness from COVID-19." See *Coronavirus Disease 2019 (COVID-19), People with Certain Medical Conditions*, Ctrs. For Disease Control & Prevention (updated July 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Persons with high blood pressure and Type I diabetes "might be at an increased risk for severe illness from COVID-19." Id. It is unclear to the court whether defendant has Type II or Type I diabetes. Regardless, the court finds that defendant – due to his obesity and other preexisting medical conditions - is at a higher risk of health problems resulting from COVID-19. However, while defendant may have an increased risk of having severe health problems if he contracts COVID-19, defendant would have to first contract COVID-19 for his increased vulnerability to come into play. See, e.g., United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"); United States v. Feiling, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (court declining to find extraordinary and compelling circumstances where defendant, though having significant health problems, was incarcerated at a facility that had zero confirmed COVID-19 cases).

4

Here, there are no active COVID-19 cases at FCI Ashland, and there has only been one case since the onset of the pandemic. Furthermore, that one case was a staff member, not an inmate, and the staff member recovered. Defendant cannot show a particularized risk of contracting the disease, and the court therefore finds there are not "extraordinary and compelling reasons" present, within the meaning of 18 U.S.C. § 3582(c)(1)(A), to support a reduced sentence or early release.

### B. 18 U.S.C. § 3553(a) Sentencing Factors

In any event, the sentencing factors under 18 U.S.C. § 3553(a) also do not weigh in favor of reducing defendant's sentence. These factors include (i) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (ii) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to adequately deter criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (iv) the sentencing guidelines; and (v) "the

need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a).

Defendant's crimes were indisputably serious:  he was convicted of committing arson and fraud, among other crimes, and his restitution obligation exceeds $500,000.  (See ECF No. 429.)  And, at this point, defendant has served less than 20% of his sentence.  See, e.g., United States v. Colonna, 2020 WL 2839172, at *4 (S.D. Fla. June 1, 2020) (holding that a modification of defendant's sentence is unwarranted in part because defendant had served less than 25% of the sentence); United States v. Linder, 2020 WL 2793089, at *4 (W.D. Pa. May 29, 2020) (same); United States v. Singui, 2020 WL 2523114, at *5 (C.D. Cal. May 18, 2020) (same).  Therefore, granting defendant's motion for compassionate release would be inconsistent with the sentencing factors set forth in § 3553(a).

**I.  Conclusion**

Given the absence of COVID-19 at FCI Ashland, the seriousness of defendant's offense, and the fact that he has served under 20% of his sentence, the court concludes that release under 18 U.S.C. § 3582(c)(1)(A) is not warranted.  Defendant's motions for compassionate release, (ECF Nos. 473, 477, 494), are **DENIED**.

The Clerk is directed to send a copy of this Order to counsel of record, defendant, the Warden at FCI Ashland in Ashland, Kentucky, and the Probation Office of this court.

It is SO ORDERED this 29th day of July, 2020.

        ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge