IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO. 1:17-00195-02

JAMES EDWARD LESTER

MEMORANDUM OPINION AND ORDER

Pending before the court are several pro se motions filed on defendant's behalf seeking compassionate release and related to that request.  The court is concerned that those purported pro se motions were not actually filed by Mr. Lester nor an attorney acting on his behalf.

"Appearances in federal court are limited to parties proceeding with counsel or acting pro se."  Kopp v. Ziolkowski, Civil Action No. 5:22-00391, 2025 WL 451693, at *2 (S.D.W. Va. Jan. 7, 2025), report and recommendation adopted, 2025 WL 451693 (S.D.W. Va. Feb. 10, 2025).

> "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct such causes herein."  28 U.S.C. § 1654.  Accordingly, [a party] has the right to appear on his own behalf, but he cannot be represented by other pro se plaintiffs or non-lawyers in federal court."  See Flymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others").  For these purposes, the law does not distinguish between pro se litigants and pro se litigants who have legal training, and thus . . . a non-party and non-lawyer[] may not assist or appear to represent

> [plaintiff] in this action.  See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  Indeed, a non-lawyer may be sanctioned for the unauthorized practice of law. . . .

Hunter v. Polis, Civil Action No. 19-cv-02969-CMA-NYW, 2020 WL 13824785, at *1 (D. Colo. May 7, 2020).  Therefore, "[a]lthough non-attorneys can represent themselves pro se, non-attorneys have no authority to represent or appear on behalf of others." Yandell v. Jones, No. 2:21-cv-0469 DAD AC P, 2025 WL 2029478, at *1 (E.D. Cal. July 21, 2025) (denying motion by federal prisoner "granting his wife power of attorney to allow her to notify the court of [inmate]'s transfer in the event he is unable to do so"); see also Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 232 (3d. Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."); Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); John v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself.").

Nor is there any "merit in the proposition that a criminal defendant is constitutionally vested with the right of

assistance or representation by a lay person." United States v. Arlt, 560 F.2d 200, 200 (5th Cir. 1977) (cleaned up); see also United States v. Wilburn, 19-CR-139 (MKB), 2023WL 3204547, at *2 (E.D.N.Y. May 2, 2023) ("Although Wilburn has waived assistance of counsel and invoked his right to represent himself, he does not have a right to choose any advocate to assist him."); "United States v. Stafford, Criminal Case No. 1:10cr30, 2010 WL 4623822, at *1 (W.D.N.C. Nov. 4, 2010) ("A defendant in a criminal case does not have a sixth amendment right to the assistance of a non-lawyer.").

The court is concerned that some of the recent filings in this case were not filed by defendant. Defendant is currently incarcerated at FCI Beckley, in Beckley, West Virginia. However, these filings are being sent via certified mail and the tracking information indicates that they were mailed from Phoenix, Arizona. The court is further concerned that, even if defendant is aware that these documents are being filed on his behalf, he is not actually signing them. For example, ECF No. 565-1 indicates that it was mailed from Phoenix on February 5, 2026, but Lester supposedly signed it on February 4, 2026.

Based upon the foregoing, the court is concerned that a non-lawyer is submitting these filings on behalf of Mr. Lester

3

or that a lawyer is "ghostwriting" his filings.[1]  For this reason, the court **SCHEDULES** a hearing for May 27, 2026, at 1:00 p.m., in Charleston.  The hearing in this matter scheduled for April 13, 2026, is **CONTINUED** to May 27, 2026, at 1:00 p.m. The Clerk is directed to file the USPS Tracking Information retrieved by the court as an Exhibit to this Order.

The Clerk is directed to send a copy of this Order to defendant, counsel of record, and the United States Marshal Service.

**IT IS SO ORDERED** this 2nd of April, 2026.

ENTER:

David A. Faber
Senior United States District Judge

---

[1] Ghostwriting "refers to the conduct of an attorney who prepares pleadings and provides substantial legal assistance to a pro se litigant, but does not enter [an] appearance or otherwise identify himself or herself in the litigation."  Wesley v. Don Stein Buick, Inc., 987 F. Supp. 884, 885 (D. Kan. 1997). Ghostwriting presents a host of legal and ethical concerns.  See id. at 885-87; see also Johnson v. City of Joliet, No. 04 C 6426, 2007 WL 495258, at *2 (N.D. Ill. Feb. 13, 2007) ("We suspect that Johnson is working with an unidentified attorney, although it is possible that a layperson with legal knowledge is assisting her.  Regardless, neither scenario is acceptable.").